

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-62,593-04

**EX PARTE BERNARDO ABAN TERCERO, Applicant**

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
## AND MOTION TO STAY THE EXECUTION FROM CAUSE NO. 762351
## IN THE 232ND JUDICIAL DISTRICT COURT
## HARRIS COUNTY

*Per curiam*. MEYERS, J., dissents.

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and a motion to stay

applicant's execution.[1]

In October 2000, a jury found applicant guilty of the offense of capital murder.

The jury answered the special issues submitted pursuant to Article 37.071, and the trial

---

[1] Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.

court, accordingly, set applicant's punishment at death.

This Court affirmed applicant's conviction and sentence on direct appeal. *Tercero v. State*, No. AP-73,992 (Tex. Crim. App. Sept. 18, 2002)(not designated for publication). This Court denied relief on applicant's initial post-conviction application for a writ of habeas corpus and dismissed his first subsequent writ application. *Ex parte Tercero*, Nos. WR-62,593-01 and WR-62,593-02 (Tex. Crim. App. Nov. 16, 2005)(not designated for publication).

In his second subsequent writ application, applicant alleged that he was younger than 18 years of age when he committed the crime for which he was sentenced to death. The Court found that the application met the requirements of Article 11.071 § 5 and remanded the application to the trial court. The trial court found that applicant had failed to show by a preponderance of the evidence that he was younger than 18 years of age when he committed the offense. The Court reviewed the record, adopted the trial court's findings and conclusions, and denied relief. *Ex parte Tercero*, No. WR-62,593-03 (Tex. Crim. App. Mar. 3, 2010)(not designated for publication).

On August 24, 2015, applicant filed in the trial court a subsequent application for a writ of habeas corpus. In this subsequent application, applicant asserts that he was denied due process because the State presented false testimony at his trial.

After reviewing applicant's subsequent application, we find that he has satisfied the requirements of Article 11.071 § 5. Accordingly, we remand the application to the

trial court to review the merits of the claim. Applicant's execution is stayed pending resolution of this application.

IT IS SO ORDERED THIS THE 25th DAY OF AUGUST, 2015.

Do Not Publish